# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF NORTH DAKOTA

———————————————

| | |
|---|---|
| **INTERCEPT CORPORATION,** | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| **CONSUMER FINANCIAL** | ) |
| **PROTECTION BUREAU,** | ) |
| | ) |
| *Defendant.* | ) |
| ———————————————— | ) |

Civil Action No. 3:16-cv-0118

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Mary McLeod
  *General Counsel*
John R. Coleman
  *Assistant General Counsel*
Bernard John Barrett
  *Senior Litigation Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9396 (telephone)
(202) 435-7024 (facsimile)
Jack.Barrett@cfpb.gov
*Attorneys for Defendant*
*Consumer Financial Protection Bureau*

Dated:  July 25, 2016

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

BACKGROUND ................................................................................... 2

    A.    The Bureau's Enforcement Authority ..................................... 2

    B.    The Bureau's Investigation of Intercept and the Filing of
        This Declaratory Judgment Action ....................................... 3

ARGUMENT ...................................................................................... 5

I.    The Legal Standard ................................................................ 5

II.    The Court Should Dismiss the Complaint Without Reaching the
Merits. ................................................................................. 5

    A.    Intercept's Claims for Injunctive or Declaratory Relief
        Related to the Bureau's Anticipated Administrative
        Proceeding Are Moot. .......................................................... 6

    B.    Congress Has Allocated Jurisdiction Over Claims Arising in
        Enforcement Administrative Proceedings to the Courts of
        Appeals. .............................................................................. 6

    C.    Intercept Is Not Entitled to Injunctive or Declaratory Relief.............. 8

        1.    Intercept is not entitled to injunctive relief. .............................. 8

            a.    Intercept has an adequate remedy at law and will
                not suffer irreparable harm. ............................................ 8

            b.    Intercept is not entitled to an injunction because of
                the Bureau's pre-complaint investigation....................... 9

        2.    Intercept is not entitled to declaratory relief. ........................... 10

            a.    Granting Intercept's request for a declaratory
                judgment would be inconsistent with fairness and
                judicial economy........................................................... 10

            b.    Intercept's victory in the race to the courthouse
                does not establish a basis for declaratory relief.............. 14

CONCLUSION .................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Abbott Labs v. Gardner,*
   387 U.S. 136 (1967) ................................................................................. 5

*AmSouth Bank v. Dale,*
   386 F.3d 763 (6th Cir. 2004) .......................................................... 13, 15

*BASF Corporation v. Symington,*
   50 F.3d 555 (8th Cir. 1995) .................................................................. 13

*Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.,*
   502 U.S. 32 (1991) ................................................................................. 7

*Beaulieu v. Ludeman,*
   690 F.3d 1017 (8th Cir. 2012) ............................................................... 6

*Bebo v. SEC,*
   799 F.3d 765 (7th Cir. 2015) ................................................................. 7

*Blodgett v. Holden,*
   275 U.S. 142 (1927) ......................................................................... 13, 14

*Burke v. N.D. Dept. of Corr. and Rehabilitation,*
   2004 WL 612779 (Mar. 22, D.N.D. 2004) .......................................... 9

*Califano v. Sanders,*
   430 U.S. 99 (1977) ................................................................................. 5

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,*
   511 F.3d 535 (6th Cir. 2007) .......................................................... 14, 15

*CFPB v. ITT Educ. Services, Inc.,*
   ___ F. Supp. 3d ___, 2015 WL 1013508 (S.D. Ind. Mar. 6, 2015) ............................................. 1

*CFPB v. Morgan Drexen, Inc.,*
   60 F. Supp. 3d 1082 (C.D. Cal. 2014) .................................................. 1

*City of Los Angeles v. Lyons,*
   461 U.S. 95 (1983) ................................................................................. 9

*Columbia Plaza Corp. v. Sec. Nat'l Bank,*
   525 F.2d 620 (D.C. Cir. 1975) ............................................................ 14

*Deuser v. Vecera,*
    139 F.3d 1190 (8th Cir. 1998) ................................................................. 5

*Drevlow v. Lutheran Church, Mo. Synod,*
    991 F.2d 468 (8th Cir. 1993) ................................................................... 5

*EEOC v. Univ. of Penn.,*
    850 F.2d 969 (3d Cir. 1988) ................................................................... 14

*Elgin v. Dep't of Treasury,*
    567 U.S. 1, 132 S. Ct. 2126 (2012) ......................................................... 7

*Entergy, Arkansas, Inc. v. Nebraska,*
    210 F.3d 887 (8th Cir. 2000) ................................................................... 9

*Escambia Cnty. v. McMillan,*
    466 U.S. 48 (1984) ................................................................................ 14

*Factors Etc., Inc. v. Pro Arts, Inc.,*
    579 F.2d 215 (2d Cir. 1978) ................................................................... 14

*FTC v. Standard Oil Co. of Cal.,*
    449 U.S. 232 (1980) ............................................................................... 9

*Golden v. Zwickler,*
    394 U.S. 103 (1969) .............................................................................. 14

*Great Plains Coop v. CFTC,*
    205 F.3d 353 (8th Cir. 2000) ................................................................... 7

*Hanes Corp. v. Millard,*
    531 F.2d 585 (D.C. Cir. 1976) ................................................... 11, 12, 13

*Henry v. Office of Thrift Supervision,*
    43 F.3d 507 (10th Cir. 1994) ................................................................... 7

*Hill v. SEC,*
    ___ F.3d ___, 2016 WL 3361478 (11th Cir. June 17, 2016) ..................... 7

*Indemnity Insurance Corp. v. Jade Presents, LLC,*
    2013 WL 11941565 (D.N.D. Nov. 11, 2013) .......................................... 11

*Japan Gas Lighter Assoc. v. Ronson Corp.,*
    257 F. Supp. 219 (D.N.J. 1966) ............................................................. 12

*Jarkesy v. SEC,*

803 F.3d 9 (D.C. Cir. 2015) ............................................................................... 7

*Leitner v. U.S.,*
  725 F. Supp. 2d 36 (D.D.C. 2010) ................................................................... 5

*Martin v. Sargent,*
  780 F.2d 1334 (8th Cir. 1985) ......................................................................... 9

*Md. Cas. Co. v. Pac. Coal & Oil Co.,*
  312 U.S. 270 (1941) ....................................................................................... 14

*MedImmune, Inc. v. Genetech, Inc.,*
  549 U.S. 118 (2007) ....................................................................................... 10

*Monsanto v. Geertson Seed Farms,*
  561 U.S. 139 (2010) ......................................................................................... 8

*Morales v. Trans World Airlines, Inc.,*
  504 U.S. 374 (1992) ......................................................................................... 8

*Morgan Drexen, Inc. v. CFPB,*
  785 F.3d 684 (D.C. Cir. 2015) ......................................................... 1, 5, 8, 12, 14

*Morgan Drexen, Inc. v. CFPB,*
  979 F. Supp. 2d 104 (D.D.C. 2013) ................................................................ 10

*Nw. Austin Mun. Util. Dist. No. One v. Holder,*
  557 U.S. 193 (2009) ....................................................................................... 13

*O'Shea v. Littleton,*
  414 U.S. 488 (1974) ......................................................................................... 8

*Phoenix Mut. Life Ins. Co. v. Bailey,*
  80 U.S. 616 (1871) ........................................................................................... 8

*POM Wonderful LLC v. FTC,*
  894 F. Supp. 2d 40 (D.D.C. 2012) .................................................................. 12

*Rayco Mfg. Co. v. Chicopee Mfg. Corp.,*
  148 F. Supp. 588 (S.D.N.Y. 1957) .................................................................. 14

*Renegotiation Bd. v. Bannercraft Clothing Co.,*
  415 U.S. 1 (1974) ............................................................................................. 9

*Ridder v. Office of Thrift Supervision,*
  146 F.3d 1035 (D.C. Cir. 1998) ....................................................................... 7

*Swish Mktg., Inc. v. FTC,*
    669 F. Supp. 2d 72 (D.D.C. 2009) ............................................................. 10, 12, 13

*Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,*
    819 F.2d 746 (7th Cir. 1987) .......................................................................... 14, 15

*Tilton v. SEC,*
    ___ F.3d ___, 2016 WL 3084795 (2nd Cir. June 1, 2016) ........................................... 7

*Weinberger v. Romero–Barcelo,*
    456 U.S. 305 (1982) ........................................................................................... 8

*West v. Bergland,*
    611 F. 2d 710 (8th Cir. 1979) ............................................................................. 9

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) ....................................................................... 10, 11, 14, 15

**Statutes**

12 U.S.C. § 1818(b) ....................................................................................... 7

12 U.S.C. § 1818(h) ....................................................................................... 7

12 U.S.C. § 1818(i)(1) .................................................................................... 7

12 U.S.C. § 5481(6) ....................................................................................... 2

12 U.S.C. § 5481(14) ..................................................................................... 2

12 U.S.C. § 5481(26) ..................................................................................... 2

12 U.S.C. § 5491(a) ....................................................................................... 2

12 U.S.C. § 5511(a) ....................................................................................... 2

12 U.S.C. § 5536(a)(1)(B) ............................................................................ 2, 5

12 U.S.C. § 5536(a)(3) .................................................................................. 2, 5

12 U.S.C. § 5562(c)(1) ................................................................................... 10

12 U.S.C. § 5563 ........................................................................................... 3

12 U.S.C. § 5563(a) ............................................................................................... 6

12 U.S.C. § 5563(b)(4) .......................................................................................... 6

12 U.S.C. § 5563(d)(2) .......................................................................................... 6

12 U.S.C. § 5564(a) ........................................................................................... 3, 4

12 U.S.C. § 5564(f) ............................................................................................... 6

28 U.S.C. § 2201(a) ............................................................................................. 10

Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act),
   Pub. L. No. 111-203, 124 Stat. 1376 (2010) ..................................................... 2

## Rules

Fed. R. Civ. P. 26 ................................................................................................ 10

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 5, 9

## Other Authorities

10B Fed. Prac. & Proc. Civ. § 2751 ................................................................. 11, 12

E. Borchard, *Declaratory Judgments* 307 (2 ed. 1941) ........................................ 11

S. Rep. No. 111-176 (2010) .................................................................................... 2

## INTRODUCTION

The plaintiff in this action, Intercept Corp. (Intercept), is a defendant in a separate federal enforcement action pending in this district.  This action was filed on May 19, 2016, before the second action was filed on June 6, 2016 by the defendant here, the Consumer Financial Protection Bureau (CFPB or Bureau).  *See Consumer Financial Protection Bureau v. Intercept Corp., et al.*, No. 3:16-cv-144 (D.N.D.).  Intercept filed this action for declaratory and injunctive relief during negotiations with the Bureau regarding the potential settlement of the Bureau's claims.  In anticipation of the Bureau's action, Intercept asks the Court to adjudicate a possible defense to the Bureau's now-pending enforcement action—that the provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act) that establish the Bureau violate the Constitution's separation of powers.  Plaintiff also asks the Court to enjoin the institution of an administrative enforcement proceeding, a request that is both moot and, in any event, outside of this Court's statutory subject matter jurisdiction.

This Court should dismiss this stand-alone action because the remaining controversy between the parties can—and should—be resolved in the Bureau's enforcement action.  Intercept will have an adequate opportunity to litigate its constitutional defense along with any other defense in the Bureau's action.[1]  Intercept will not suffer irreparable harm if it is required to do so, and the Court and the parties will be spared the expense and inconvenience of litigating the same issue twice in separate proceedings.  Accordingly, the Court should dismiss the complaint without reaching the merits of Plaintiff's constitutional claim.  *See Morgan Drexen, Inc. v.*

---

[1] Other defendants in Bureau enforcement actions have raised similar challenges to the constitutionality of the Bureau, so far without success.  *CFPB v. ITT Educ. Services, Inc.*, ___ F. Supp. 3d ___, 2015 WL 1013508 (S.D. Ind. Mar. 6, 2015); *CFPB v. Morgan Drexen, Inc.*, 60 F. Supp. 3d 1082 (C.D. Cal. 2014).  The Bureau is prepared to make its constitutional arguments to this Court at the appropriate time.

*CFPB*, 785 F.3d 684, 693-98 (D.C. Cir. 2015) (affirming the dismissal of a similar suit for declaratory and injunctive relief based on the same constitutional arguments).

## BACKGROUND

### A.     The Bureau's Enforcement Authority

The Bureau is the principal federal agency charged with "regulat[ing] the offering and provision of consumer financial products or services under the Federal consumer financial laws." 12 U.S.C. § 5491(a).  Before the Bureau's creation, these laws were administered by "seven different federal regulators," a situation that Congress believed "undermine[d] accountability" and produced regulatory gaps that contributed to the recent financial crisis.  S. Rep. No. 111-176, at 9-10 (2010).  To address that problem, Congress passed and the President signed the Dodd-Frank Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010).  Title X of that Act, known as the Consumer Financial Protection Act of 2010 (CFPA), establishes the Bureau, and charges it with the responsibility for implementing, and where necessary, "enforc[ing] Federal consumer financial law consistently for the purpose of ensuring that all consumers have access to markets for consumer financial products and services and that markets for consumer financial products and services are fair, transparent, and competitive."  12 U.S.C. § 5511(a).

"Federal consumer financial law" includes 18 pre-existing statutes, collectively known as "enumerated consumer laws," as well as the CFPA itself.  *See id.* § 5481(14).  Among other things, the CFPA prohibits "covered persons" (in the main, providers of "consumer financial product[s] and service[s]," *see id.* § 5481(6)), and their "service provider[s]," *see id.* § 5481(26)), from "engag[ing] in any unfair, deceptive, or abusive act or practice," and also makes it unlawful for "any person to knowingly or recklessly provide substantial assistance to a covered person or service provider" engaged in such violations.  *Id.* § 5536(a)(1)(B), (a)(3).

As the complaint here acknowledges, the Bureau may enforce these prohibitions in one of two forums.  Compl. ¶ 68 ("The Dodd-Frank Act permitted ... the CFPB, to bring enforcement actions administratively or in federal district court").  The Bureau may choose to initiate an administrative proceeding to enforce compliance with Federal consumer financial law, which results in a final agency decision reviewable directly in the United States Courts of Appeals.  *See* 12 U.S.C. § 5563.  Or the Bureau may "commence a civil action against [those who have violated Federal consumer financial law] to impose a civil penalty or to seek all appropriate legal and equitable relief."  *Id.* § 5564(a).  The Bureau's separate enforcement action against Intercept before this Court has been brought pursuant to the authority to bring a civil enforcement action in district court.

## B.    The Bureau's Investigation of Intercept and the Filing of This Declaratory Judgment Action

Intercept alleges in its complaint that, since at least January 20, 2015, the Bureau has been conducting its investigation of whether Intercept may have violated the CFPA and other laws.  Compl. ¶¶ 21 and 22.  Intercept alleges in its complaint that, "[o]n November 30, 2015, the CFPB notified Intercept that Enforcement Staff 'is considering taking legal action' against Intercept for the violation of 'the prohibition of unfair acts and practices under [Title X]' and expressing its intention to seek 'court-ordered injunctive relief … as well as damages and civil monetary penalties.'"  *Id.* ¶ 27.  In April and May 2016, Intercept met with the Bureau's Enforcement staff to discuss a possible settlement.  *Id.* ¶¶ 29, 40, 42-43.

On May 19, 2016, Intercept filed this declaratory judgment action.  While the complaint sets out a wide range of factual allegations, the majority of the complaint concerns an anticipated administrative proceeding brought by the Bureau pursuant to 12 U.S.C. § 5563.  Compl. ¶¶ 2, 4, 7-9, 11, 30-37, 39-43, 57-71, 74, 76.  Intercept seeks "a declaration that an administrative

proceeding would afford the company insufficient procedural protections … as well as corresponding injunctive relief prohibiting the Bureau from filing an enforcement action in such a forum."  *Id.* ¶ 11.

Intercept's complaint also asserts claims for declaratory and injunctive relief premised on the constitutional argument that "the Dodd-Frank Act vests undue power in the Director of the CFPB, without sufficient oversight by the Executive branch, in violation of the separation of powers mandate of the Constitution."  Compl. ¶ 11 (summarizing Intercept's demand for injunction and declaratory judgment on constitutionality), ¶ 73 (seeking "an injunction barring the Bureau from taking any further action against Intercept"), ¶ 76 (seeking a declaratory judgment "that the CFPB's structure violates the separation of powers.").

On June 6, 2016, acting pursuant to its authority under 12 U.S.C. § 5564(a), the Bureau filed a complaint against Intercept, its founder and President, Bryan Smith, and its Chief Executive Officer, Craig Dresser, in this Court.  *CFPB v. Intercept, et al.*, No. 3:16-cv-144 (D.N.D. June 6, 2016).  The CFPB complaint alleges that Intercept, a payment processor, "has systematically enabled its clients to withdraw millions of dollars' worth of unauthorized or otherwise illegal charges from consumers' bank accounts."  *Id.* ¶ 1.  Intercept processes electronic debits from consumers' bank accounts, using the Automated Clearing House or "ACH" electronic funds payments network, for third-party lenders and others.  *Id.* ¶¶ 26-37.  The Bureau alleges that Intercept and the individual defendants "processed payments for many clients even in the face of numerous indicators that those clients were engaged in fraudulent or illegal transactions."  *Id.* ¶¶ 38-119.  The CFPB complaint alleges that this conduct caused substantial injury to consumers and violates the Dodd-Frank Act's prohibition on engaging in or

substantially assisting unfair acts or practices, 12 U.S.C. § 5536(a)(1)(B), (a)(3).  The Bureau's

action seeks injunctive relief, consumer redress, and civil money penalties.  *Id*. ¶¶ 126-139.

## ARGUMENT

## I.     The Legal Standard

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it

lacks subject matter jurisdiction.  In this Circuit, "[t]he district court has the authority to consider

matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1)."  *Deuser v. Vecera,* 139 F.3d 1190, 1191 n.3 (8th Cir. 1998)

(quoting *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir. 1993)).

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(6) when

the complaint "fail[s] to state a claim upon which relief can be granted."  When a plaintiff

seeking declaratory and injunctive relief has an "adequate remedy at law for the asserted

violation of his constitutional rights," the claim must be "dismissed for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Leitner v. U.S*., 725 F. Supp. 2d 36, 43

(D.D.C. 2010); *see Morgan Drexen, Inc. v. CFPB*, 785 F.3d 684, 694 (D.C. Cir. 2015) ("By now

it is well settled that '[a] court may … in its discretion dismiss a declaratory judgment or

injunctive suit if the same issue is pending in litigation elsewhere.'") (quoting *Abbott Labs v.

Gardner*, 387 U.S. 136, 155 (1967), *abrogated on other grounds by Califano v. Sanders*, 430

U.S. 99 (1977)).

## II.    The Court Should Dismiss the Complaint Without Reaching the Merits.

This litigation should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1)

and (6) without addressing the merits of Intercept's claims.  The Court does not have jurisdiction

over Intercept's claims, which are based on the possible initiation of an administrative

proceeding.  And, because Intercept may raise its separation of powers arguments as a defense to

the Bureau's enforcement action, the Court should dismiss its claims for declaratory and

injunctive relief premised on that issue.

### A.    Intercept's Claims for Injunctive or Declaratory Relief Related to the Bureau's Anticipated Administrative Proceeding Are Moot.

Intercept seeks a declaratory judgment and an injunction premised on the Bureau's

anticipated institution of a Bureau administrative proceeding.  Compl. ¶ 73 (Claim for injunctive

relief) and ¶ 76 (Claim for declaratory judgment).  Intercept acknowledges that the Bureau may

bring enforcement actions either in federal court or in an administrative forum.  *Id*. ¶ 58 (citing

12 U.S.C. §§ 5563(a), 5564(f)).  Because the Bureau has now brought the civil action pending

before this Court, Intercept's claims premised on the possibility of a Bureau administrative

proceeding are moot.  *Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) ("A court

properly dismisses a claim as moot if it has lost its character as a present, live controversy of the

kind that must exist if [the court is] to avoid advisory opinions on abstract questions of law.")

(quotations and citations omitted).

### B.    Congress Has Allocated Jurisdiction Over Claims Arising in Enforcement Administrative Proceedings to the Courts of Appeals.

Furthermore, in addition to mootness, this Court also lacks jurisdiction to adjudicate the

propriety of a CFPB administrative proceeding.  Congress specifically gave the federal courts of

appeals exclusive jurisdiction to review final orders of the Bureau, 12 U.S.C. § 5563(b)(4), and

expressly precluded district courts from exercising jurisdiction over requests to enjoin

administrative proceedings, *id.* § 5563(d)(2).  The provision empowering the Bureau to enforce

the law through administrative proceedings is clearly modeled on Section 8 of the Federal

Deposit Insurance Act, which provides the Federal banking agencies with similar authority to

bring administrative proceedings reviewable in the Courts of Appeals, *see* 12 U.S.C. § 1818(b), (h), and contains a similar jurisdiction-stripping provision, *see id*. § 1818(i)(1).

In this respect, it is settled that Congress intended to strip district courts of jurisdiction to adjudicate requests to enjoin such administrative proceedings and vest the Courts of Appeals with exclusive jurisdiction to review the exercise of such authority. *See Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 44 (1991) (holding that 12 U.S.C. § 1818(i) was "clear and convincing evidence that Congress intended to deny the District Courts jurisdiction to review and enjoin the Board's ongoing administrative proceedings."); *Ridder v. Office of Thrift Supervision*, 146 F.3d 1035, 1041 (D.C. Cir. 1998) ("section 1818(i) unambiguously precludes judicial review"); *Henry v. Office of Thrift Supervision*, 43 F.3d 507 (10th Cir. 1994) ("Since § 1818(i)(1) precludes judicial review of OTS enforcement orders except under specifically enumerated circumstances, none of which are applicable here, Henry's reliance on the APA is misplaced."); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 132 S. Ct. 2126, 2132 (2012) (Congress may "channel[] judicial review of a constitutional claim to a particular court."). Thus, because a district court action for injunctive or declaratory relief in these circumstances would be "an impermissible attempt to make an 'end run' around the statutory scheme," *Great Plains Coop v. CFTC*, 205 F.3d 353, 355 (8th Cir. 2000), Intercept's request for declaratory and injunctive relief related to the Bureau's initiation of an administrative proceeding would have to be dismissed, even if it were not already moot.[2]

---

[2] Recent Court of Appeals decisions unanimously reject comparable challenges on jurisdictional grounds. S*ee, e.g., Hill v. SEC*, ___ F.3d ___, 2016 WL 3361478, Nos. 15-12831, 15-13738 (11th Cir. June 17, 2016); *Tilton v. SEC*, ___ F.3d ___, 2016 WL 3084795, No. 15-2103 (2nd Cir.  June 1, 2016); *Jarkesy v. SEC*, 803 F.3d 9 (D.C. Cir. 2015); *Bebo v. SEC*, 799 F.3d 765 (7th Cir. 2015), *cert. denied*, 136 S.Ct. 1500 (2016).

**C.**     **Intercept Is Not Entitled to Injunctive or Declaratory Relief.**

**1.**     **Intercept is not entitled to injunctive relief.**

*a.*     *Intercept has an adequate remedy at law and will not suffer irreparable harm.*

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) (citing *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311-12 (1982)). "It is a 'basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974)) (internal alteration omitted); *Morgan Drexen*, 785 F.3d at 694.  Indeed, the Supreme Court has long recognized that "[w]here a party, if his theory of the controversy is correct, has a good defence at law to 'a purely legal demand,' he should be left to that means of defence, as he has no occasion to resort to a court of equity for relief." *Phoenix Mut. Life Ins. Co. v. Bailey*, 80 U.S. 616, 623 (1871); *see also O'Shea*, 414 U.S. at 502.

Applying these principles requires dismissal of this suit.  The D.C. Circuit's decision in *Morgan Drexen* involved a virtually identical constitutional challenge asserted, like here, in anticipation of a CFPB civil enforcement action.  *Morgan Drexen*, 785 F.3d at 688.  The D.C. Circuit held that the claim for injunctive relief was properly dismissed because Morgan Drexen "had an adequate remedy at law in [the CFPB] enforcement action and [would] suffer[] no irreparable injury from the denial of the requested [injunctive] relief." *Id.* at 694.  In reaching this decision, the D.C. Circuit noted that Morgan Drexen was thereby relieved of the burden of "litigating overlapping issues in two federal forums" while "judicial economy was fostered." *Id.* at 695.  Like Morgan Drexen, Intercept has an adequate remedy at law for any injury caused by

the Bureau's enforcement action: It can move to dismiss the Bureau's enforcement action

pending before this very Court pursuant to Federal Rule of Civil Procedure 12(b)(6).

Furthermore, requiring Intercept to raise its constitutional challenge as a defense to the pending

enforcement action will not cause it irreparable harm.  "'Mere litigation expense, even

substantial and unrecoupable cost, does not constitute irreparable injury.'" *FTC v. Standard Oil

Co. of Cal.*, 449 U.S. 232, 244 (1980) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*,

415 U.S. 1, 24 (1974)).[3]  In fact, Intercept presumably will incur the same or lower litigation

costs if it only defends the CFPB action.  Accordingly, Intercept's request to enjoin the Bureau's

prosecution of the pending enforcement action should be denied.

> **b.      Intercept is not entitled to an injunction because of the Bureau's pre-complaint investigation.**

Intercept's complaint includes allegations of harm arising from the Bureau's pre-

complaint investigation, including the issuance of CIDs to Intercept and its business partners.

Compl. ¶¶ 23-26.  Such allegations cannot serve as a basis for granting equitable relief.  "For

injunctive relief to be available against the defendant, the plaintiff must show he continues to be

subjected to the conditions of which he complains."  *Burke v. N.D. Dept. of Corr. and

Rehabilitation*, No. A1-02-06, 2004 WL 612779 at * 3 (Mar. 22, D.N.D. 2004) (quoting *Martin

v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).  The plaintiff must "establish a real and

immediate threat" that the harm-producing conduct will recur. *City of Los Angeles v. Lyons*, 461

U.S. 95, 105 (1983).

---

[3] *See also West v. Bergland*, 611 F. 2d 710, 718 (8th Cir. 1979) ("The unrecoupable expense of
litigation, however, is not the irreparable injury contemplated as a prerequisite to equitable
relief."); *but see Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 899 (8th Cir. 2000) (costs
related to radioactive waste facility licensing process that "far exceed those incident to ordinary
litigation because of the conduct of one of the parties" may be taken into account to support
injunctive relief.).

Intercept does not and cannot allege that the Bureau's pre-complaint investigation is continuing.  The Bureau may issue CIDs related to the subject of an investigation only "*before* the institution of any proceedings under Federal consumer financial law."  12 U.S.C. § 5562(c)(1) (emphasis added).  Thus, there is no prospect that the Bureau will issue any further CIDs to Intercept or any of Intercept's business partners.  Further, to the extent the Bureau seeks further information through civil discovery in the pending enforcement action, Intercept will be able to raise its objections in response.  Fed. R. Civ. P. 26.  As a result, Intercept cannot show that an injunction would redress any past harm it claims to have suffered from the Bureau's investigation, or that it could not obtain adequate relief from future discovery requests in the Bureau's enforcement action.  Accordingly, the Bureau's pre-complaint investigation does not entitle Intercept to the equitable relief it seeks.  *Morgan Drexen, Inc. v. CFPB*, 979 F. Supp. 2d 104, 112 (D.D.C. 2013) ("[A]ny previous harm caused by the Bureau's completed investigation is not properly remedied by prospective injunctive relief"), *aff'd*, 785 F.3d 684 (D.C. Cir. 2015).

### 2.    Intercept is not entitled to declaratory relief.

#### a.    *Granting Intercept's request for a declaratory judgment would be inconsistent with fairness and judicial economy.*

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added).  As the emphasized language suggests, "[t]his language is permissive, not mandatory: even when a suit otherwise satisfies subject matter jurisdictional prerequisites, the Act gives courts discretion to determine 'whether and when to entertain an action.'"  *Swish Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72, 76 (D.D.C. 2009) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)); *see also MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 136 (2007) (stating that the use of the

10

permissive "may" in the Declaratory Judgment Act "has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants'" (quoting *Wilton*, 515 U.S. at 286)).

 "In declaratory judgment cases, the court applies a discretionary test—[based on] fairness and judicial economy." *Indemnity Insurance Corp. v. Jade Presents, LLC*, No. 3:13-cv-19, 2013 WL 11941565 at * 2 (D.N.D. Nov. 11, 2013).  Thus, "[i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, [the court need not] proceed to the merits before . . . dismissing the action."  *Wilton*, 515 U.S. at 288; *see also Hanes Corp. v. Millard*, 531 F.2d 585, 592 (D.C. Cir. 1976) ("'[T]he declaration is an instrument of practical relief and will not be issued where it does not serve a useful purpose.'") (quoting E. Borchard, *Declaratory Judgments* 307 (2d ed. 1941)).

A declaratory judgment here in particular would "serve no useful purpose."  *Wilton*, 515 U.S. at 247.  The recognized purpose of declaratory relief is to allow one potentially liable for a violation of law "to know in advance [of the adverse party's affirmative litigation] whether he may legally pursue a particular course of conduct."  *Hanes*, 531 F.2d at 592; *see also* 10B Fed. Prac. & Proc. Civ. § 2751 (3d ed.) ("The remedy made available by the Declaratory Judgment Act . . . is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued.").  Intercept is not seeking to determine the legality of a course of conduct so that it may, depending on the Court's resolution of the issue, either proceed with confidence that damages are not accruing, or change its behavior – Intercept asserts that its behavior changed several years ago.  Compl. ¶ 73 (alleging that "the conduct at the center of the Bureau's inquiry ended nearly three years ago").

11

"The classic and most persuasive reason for granting a declaration . . . is therefore absent from this case." *Hanes*, 531 F.2d at 592.

Further, even if the requested declaration did relate to Intercept's potential future liability, it would still not be "useful" to provide declaratory relief here because any issues relating to the legality of Intercept's conduct must be resolved in the separate enforcement action also pending in this Court. This is not a case where declaratory relief would "relieve[] potential defendants 'from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never.'" 10B Fed. Prac. & Proc. Civ. § 2751 (3d ed.) (quoting *Japan Gas Lighter Assoc. v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966)). The thread has been severed; the suit has been filed; and all of the legal issues that bear on the conduct of Intercept's business, including the constitutional issue, can be resolved in the Bureau's enforcement action against Intercept.

Indeed, the events leading up to this action demonstrate that the only conceivable purpose for this action is an inappropriate one. After being advised of possible enforcement action by the Bureau, Intercept brought suit seeking "an anticipatory adjudication, at the time and place of its choice, of the validity of the defenses it expect[ed] to raise against . . . claims it expect[ed] to be pressed against it." *Hanes*, 531 F.2d at 592. But "[t]he anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure. It deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse." *Id.* at 592-93; *Morgan Drexen*, 785 F.3d at 697; *see also Swish Mktg.*, 669 F. Supp. 2d at 77; *POM Wonderful LLC v. FTC*, 894 F. Supp. 2d 40, 45 (D.D.C. 2012). "Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum."

*AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004).  Indeed, in this circuit, "where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue."  *BASF Corporation v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995).

Declaratory relief should also be denied because of the likelihood that adjudicating the requested declaration would not "finally settle the controversy between the parties."  *Hanes*, 531 F.2d at 592 n.4.  The Court cannot assume, in applying this factor, "that it will resolve the merits of [Intercept's] complaint in the company's favor."  *Swish Mktg.*, 669 F. Supp. 2d at 77.  If the Bureau were to prevail on the constitutional issue, the parties would still have to litigate whether Intercept violated the law, as well as any other defenses.  Accordingly, "[t]his factor . . . cuts against the exercise of jurisdiction."  *Id.*  at 78.

Furthermore, courts must consider "whether other remedies are available or other proceedings pending" in which the claims may be resolved.  *Hanes*, 531 F.2d at 592 n.4.  Here,

> [Intercept] will be able to raise in the [CFPB enforcement action pending before this Court] the same arguments it has pursued in this action.  'Where a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified.'  Such is the case here.

*Swish Mktg.*, 669 F. Supp. 2d at 80 (quoting *AmSouth Bank*, 386 F.3d at 787).

Finally, courts exercising their discretion under the Declaratory Judgment Act must be "keenly mindful . . . that judging the constitutionality of an Act of Congress is 'the gravest and most delicate duty [the courts are] called on to perform.'"  *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 204 (2009) (quoting *Blodgett v. Holden*, 275 U.S. 142, 147-48 (1927) (Holmes, J., concurring)).  Generally, courts "'will not decide a constitutional question if there is

13

some other ground upon which to dispose of the case.'" *Id.* (quoting *Escambia Cnty. v. McMillan*, 466 U.S. 48, 51 (1984)). Requiring Intercept to raise its constitutional arguments as a defense to the Bureau's enforcement action may, if Intercept prevails on some factual or alternative legal ground, obviate the need to address the constitutional question. Accordingly, because the controversy between the parties may be resolved on other grounds, the constitutional issue presented here is not of "sufficient immediacy" to warrant declaratory relief. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

        b.     *Intercept's victory in the race to the courthouse does not establish a basis for declaratory relief.*

Intercept's win in the race to the courthouse does not establish the right to pursue its defenses in this separate action. "The timing of the declaratory plaintiff's suit is only one consideration bearing on 'practicality and wise judicial administration.'" *Morgan Drexen*, 785 F.3d at 697 (citing *Wilton*, 515 U.S. at 288). Courts have rejected similar attempts to use the Declaratory Judgment Actt "to preempt an imminent . . . enforcement action," noting that such conduct "create[s] 'a lamentable spectacle' [that is] 'tantamount to the blowing of a starter's whistle in a foot race.'" *EEOC v. Univ. of Penn.*, 850 F.2d 969, 978 (3d Cir. 1988) (quoting *Rayco Mfg. Co. v. Chicopee Mfg. Corp.*, 148 F. Supp. 588, 592 (S.D.N.Y. 1957)); *accord Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007) (reversing district court's application of the first-to-file rule in favor of an "anticipatory suit"); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) ("The federal declaratory judgment is not a prize to the winner of the race to the courthouse.") (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978)); *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 627 (D.C. Cir. 1975).

14

Indeed, "'[c]ases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit.'"  *Certified Restoration Dry Cleaning Network*, 511 F.3d at 552 (quoting *AmSouth Bank*, 386 F.3d at 791 n.8).  Rewarding Plaintiff's conduct with an adjudication of the merits would not be consistent with the equitable principles that govern "wise judicial administration."  *Wilton*, 515 U.S. at 288.  Rather, it would result in piecemeal litigation of this controversy in two separate actions before the same court, delay the complete resolution of the parties' dispute, and generally encourage in such cases "an unseemly race to the courthouse, and quite likely, numerous unnecessary suits."  *Tempco*, 819 F.2d at 750.  Such a result would not serve justice, fairness or judicial economy.

For all of these reasons, Plaintiff's complaint for declaratory and injunctive relief should be dismissed without reaching the merits of Plaintiff's claims.

15

## CONCLUSION

For these reasons, the Bureau respectfully requests that this Court grant the Bureau's motion to dismiss this action without prejudice.

Respectfully Submitted,

July 25, 2016                               s/ Bernard John Barrett

Mary McLeod
    *General Counsel*
John R. Coleman
    *Assistant General Counsel*
Bernard John Barrett
    *Senior Litigation Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9396 (telephone)
(202) 435-7024 (facsimile)
Jack.Barrett@cfpb.gov
*Attorneys for Defendant*
*Consumer Financial Protection Bureau*

16